NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Marc N. COOPER, DDS,

    Plaintiff,

v.

ALLIANCE ORAL SURGERY, LLC;
LINCROFT ORAL & MAXILLOFACIAL
SURGERY 401(k) PLAN 16-562923; John
FRATTELLONE, individually and as Trustee;
and Shari KENT, Trustee,

    Defendants.

Civ. No. 13-01126

OPINION

THOMPSON, U.S.D.J.

    This matter has come before the Court upon the motion of the above-named Defendants ("Defendants") to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (6) and (7), as well as 28 U.S.C. § 1367(c)(3). (Doc. Nos. 6, 7). Plaintiff Marc N. Cooper, DDS, ("Plaintiff") opposes. (Doc. No. 9). The Court has decided the motion based upon the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons included herein, the Court will deny Defendant's motion without prejudice such that Defendants may resubmit their motion as one for summary judgment.

BACKGROUND

    The underlying allegations in the present matter are that Defendants violated the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and various other state laws when they failed to enroll Plaintiff in a 401(k) employee benefits plan[1] ("the

---

[1] Specifically, Defendants failed to enroll Plaintiff in the Lincroft Oral & Maxillofacial Surgery 401(k) Plan 16-562923. (Compl., ¶ 17).

1

Plan") as specified in his employment agreement ("the Employment Agreement").

As general background, on or about May 1, 2009, Plaintiff, a resident and oral surgeon properly licensed to practice in New Jersey, entered into the Employment Agreement with New Jersey entity Alliance Oral Surgery, LLC ("Alliance"). (Compl., ¶¶ 5, 12).[2] At the time, John Frattellone ("Frattellone") was the sole member of Alliance. (Compl., ¶ 15). The Employment Agreement contained a provision entitled "Additional Benefits." (Compl., ¶ 16), which stated in relevant part that:

> The Oral Surgeon shall be entitled to participate in the Employer's pension or welfare benefit program effective immediately and shall be credited with all years of service that the Oral Surgeon provided to the dental practice of Marc N. Cooper, DDS.

(Compl., ¶ 16). The pension benefit program contemplated by the Employment Agreement was the above-mentioned Plan. (Compl., ¶ 17). Under the terms of the Plan, eligible participants were entitled to elect to reduce their compensation by a specific percentage or dollar amount on a pre-tax basis as an elective deferral. (Compl., ¶ 18). The employer (in this case, Alliance) was to make matching contributions equal to 100% of the employees' elective deferrals not exceeding 4% of the employee's compensation. (Compl., ¶ 19). The Plan description identified Frattellone and Shari Kent ("Kent") as the Trustees of the Plan. (Compl., ¶ 20).

Although Plaintiff began work for Alliance in May 2009, he was not enrolled in the Plan until 2012, despite purportedly performing his duties under the terms of the Employment Agreement. (Compl., ¶¶ 21-23). Plaintiff further alleges that Frattellone and Alliance failed to match Plaintiff's contributions to the Plan as required. (Compl., ¶ 23). Upon discovery of this failure, Plaintiff alleges that he confronted Frattellone and that Frattellone, in response, took

---

[2] Contemporaneous with the Employment Agreement, Plaintiff entered into a separate Asset Purchase Agreement under which he sold to Alliance his oral surgery practice of over 40 years. (Compl., ¶ 14).

2

steps to ensure Plaintiff's constructive discharge and prevent him from recognizing the benefit of his bargain. (Compl., ¶ 24, 25).

In light of the above contentions, Plaintiff has now asserted eight counts for relief in which he alleges violations of the Employee Retirement Income Security Act ("ERISA"), 29 USC § 1001 *et seq.*, 29 U.S.C. ¶ 1132(a)(1)(b), and asserts claims for breaches of contract and other conduct related to the Employment Agreement.

Defendants, in turn, have moved to dismiss the Complaint on various grounds. First, Defendants argue that ERISA preempts Plaintiff's state and common law claims, leaving Plaintiff's ERISA claims as the only avenue for relief. Defendants argue, however, that because Plaintiff purportedly failed to exhaust his administrative remedies, any ERISA claims must also be dismissed. Alternatively, Defendants argue that Plaintiff does not have standing to institute the present action pursuant to 29 U.S.C. § 1132(a), as Plaintiff was never a participant, beneficiary, or fiduciary of the Plan. Finally, Defendants argue that Plaintiff's Complaint should be dismissed based upon Plaintiff's failure to join an indispensable party, the Plan Administrator, and that Plaintiff's claims for compensatory and punitive damages are precluded by United States Supreme Court precedent. With respect to Plaintiff's failure to join an indispensable party, Defendants contend that, while Plaintiff has named as a defendant to this action Lincroft Oral & Maxillofacial Surgery 401(k) Plan 16-562923, the actual Plan Administrator is Lincroft Oral & Maxillofacial Surgery, P.C.

In making the above arguments, Defendants attach as exhibits certain documents that were not included in the materials submitted with the Complaint. Plaintiff has opposed Defendant's motion, and the Court now decides.

DISCUSSION

On a Rule 12(b)(6) motion to dismiss for failure to state a claim, Defendants "bear[] the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In reviewing such a motion under the three-part 12(b)(6) analysis conducted in this Circuit, the Court must first "take note of the elements a plaintiff must plead to state a claim." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)) (internal quotations omitted). The Court must then accept as true all of Plaintiff's well-pleaded factual allegations, disregarding any that are merely conclusory, and construe the complaint in the light most favorable to Plaintiff. *Fowler*, 578 F.3d at 210-11.

Finally, the Court must determine whether the "facts alleged in the complaint are sufficient to show that [P]laintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). This requires more than a mere allegation of an entitlement to relief. *Id.* "A complaint has to 'show' such an entitlement with its facts." *Id.* A claim is only plausible if the facts pleaded reasonably allow the Court to infer that Defendants are liable for the misconduct alleged. *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). Facts suggesting the "mere possibility of misconduct" fail to show Plaintiff is entitled to relief. *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

In reviewing the present motion to dismiss, the Court notes that Defendants rely upon exhibits that were not originally included in the Complaint. Ordinarily, a Court reviewing a 12(b)(6) motion to dismiss may "consider[] only the allegations contained within the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citing 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1357, at 299 (2d ed. 1990)). Otherwise, the Court must

convert the motion into a motion for summary judgment.  Fed. R. Civ. P. 12(b)(6).  The Third Circuit has emphasized that the rationale behind such a requirement is that the plaintiff must have an opportunity to respond to extraneous evidence.  *Pension Ben. Guar. Corp.*, 998 F.2d at 1196.  In certain circumstances, however, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  *Id.*  In other words, if "the plaintiff obviously is on notice of the contents of the document . . . the need for a chance to refute evidence is greatly diminished." *Id.* at 1196-97.

In this instance, Defendants attach several exhibits to their motion, including (1) the Lincroft Oral & Maxillofacial Surgery 401(k) Plan (16-562923), (Ex. B); (2) the Asset Purchase Agreement, (Ex. C); (3) the Employment Agreement, (Ex. D); (4) a copy of the April 23, 2013 letter and enclosure from Lincroft Oral & Maxillofacial Surgery, P.C., detailing the refunding of the 2012 salary deductions to Plaintiff as a result of allegedly erroneous enrollment in the Plan, (Ex. E); and (5) the January and February 2013 letters between Plaintiff and Defendants regarding the refusal to enroll Plaintiff in the Plan, as well as the proper means for appeal, (Ex. F, G).

With regards to the Plan, the Purchase Agreement, and the Employment Agreement, the test for admissibility is easily met, as Plaintiff refers to and/or quotes those documents in his Complaint, and, therefore, is not unduly surprised.  With respect to the attached letters, the Court finds the test to be a little more complicated, as there is no specific mention of these in the Complaint, other than perhaps the following statements:

> In 2012 the Plaintiff became aware that Frattellone and Alliance were failing to properly match his contributions to the Plan.  The Plaintiff confronted Frattellone regarding these failures.

(Compl., ¶ 24).

Moreover, although Plaintiff in his Opposition papers makes some citation to the letters in support of his arguments, he also appears to offer some disagreement with their interpretation and/or content. For example, although one of the letters appears to clearly include an attached copy of the relevant administrative appeals process, in Plaintiff's briefing he contends that he "remains unaware of his administrative options per the Plan." (Doc. No. 10).

Given the preference of the Third Circuit to permit Plaintiff an opportunity to respond to unanticipated evidence, and as these letters concern important evidence with regards to remedy exhaustion and standing (including the status of Plaintiff as either a Plan participant or beneficiary), the Court finds it appropriate to convert this 12(b)(6) motion to dismiss (and the contingent 12(b)(1) motion) into a motion for summary judgment. With respect to the issue of dismissal based upon a failure to join an indispensable party pursuant to 12(b)(7), the Court does not have sufficient information at this time to determine whether or not Plaintiff's failure to do so is a minor typographical error with little actual effect on notice to the correct party, or whether Defendants have raised legitimate grounds for dismissal.

In light of the above considerations, then, the Court will (1) deny Defendant's motion to dismiss without prejudice; (2) permit Plaintiff to submit a motion to amend in response to Defendants' assertion that Plaintiff failed to join an indispensable party; and (3) permit Defendants to resubmit their motion to dismiss as a motion for summary judgment.

/s/Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

Dated:     August 12, 2013