NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Marc Cooper, DDS,

Plaintiff,

v.

Alliance Oral Surgery, LLC, Lincroft Oral & Maxillofacial Surgery 401(k) Plan (16-562923), John Frattellone, individually and as Trustee, and Shari Kent, Trustee,

Defendants.

Civ. No. 13-1126

OPINION

THOMPSON, U.S.D.J.

This matter appears before the Court on the motion of Defendants Alliance Oral Surgery, LLC and others ("Defendants") for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. No. 15). The Court has issued the Opinion below based upon the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, the Court will grant Defendants' motion and enter judgment in favor of Defendants.

BACKGROUND

The general allegations in this matter are that Defendants violated the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and various other state laws when they failed to enroll Plaintiff in a 401(k) employee benefits plan ("the Plan") as specified in his employment agreement ("the Employment Agreement"). (Doc. No. 1, 3).

In May of 2009, Plaintiff entered into the Employment Agreement with Alliance Oral Surgery, LLC ("Alliance"). (Doc. No. 1, 3). The Employment Agreement contained an

1

"Additional Benefits" provision, stating that Plaintiff "shall be entitled to participate in the Employer's pension or welfare benefit program [. . .]." (Doc. No. 1, 3). Under the Plan, eligible participants could reduce their compensation by a certain amount on a pre-tax basis as an elective deferral. The employer was obligated to make a matching contribution.

Plaintiff's employment with Alliance began in May 2009, but Plaintiff was not enrolled in the Plan until 2012. Plaintiff contends that he performed all relevant duties to be eligible under the Plan, yet Frattellone and Alliance failed to match Plaintiff's contributions. Plaintiff alleges violations of ERISA and asserts claims for breach of contract and other conduct related to the Employment Agreement. Defendants have moved for summary judgment.

## DISCUSSION

1. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The Court must construe all facts and inferences in the light most favorable to the nonmoving party. *Boyle v. City of Allegheny Pennsylvania*, 139 F.3d 386, 393 (3d Cir. 1998). The nonmoving party must come forward with specific facts showing a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (citations omitted). "A factual dispute is 'genuine' and . . . warrants trial 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Brightwell v. Lehman*, 637 F.3d 187, 194 (3d Cir. 2011) (citations omitted).

"Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). If a civil defendant moves for summary judgment on the basis that

plaintiff has failed to establish a material fact, the judge must inquire not as to "whether [s]he thinks the evidence unmistakably favors one side or the other but[,] whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Id.* at 252. A mere "scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.*

2. Analysis

Since the Motion raises interconnected issues, the Court will determine the extent of ERISA preemption before turning to ERISA's exhaustion and standing requirements.

A. <u>Whether ERISA preempts Plaintiff's Common Law and State Law Claims</u>

Defendants contend that ERISA preempts Plaintiff's common law and state law claims in Counts I-IV. The Court agrees. Whether a claim is preempted by ERISA hinges on whether the claim "relates to" an employee benefit plan. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987). A claim "relates to" an employee benefit plan "if it has a connection with or reference to such a plan." *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 98 (1983). "Congress used th[e] words [relate to] in their broad sense, rejecting more limited pre-emption language that would have made the clause applicable only to state laws relating to specific subjects covered by ERISA." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138 (1990) (citations omitted). Thus, "a state law may 'relate to' a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect." *Id*. at 483.

Here, Plaintiff raises common law and state law claims concerning the pension plan and benefits. The Plan participation and benefits are listed in the separate Employment Agreement. Though the claim stems from language in an employment contract, the claim is for ERISA Plan benefits and is thus connected to the Plan. Like the "calculation and payment of the benefit due

3

to a plan participant," which the Third Circuit found go "to the essence of the function of an ERISA plan," issues pertaining to enrollment in the Plan, breach of the Plan terms, and contributions under the Plan "relate" to the Plan. *See Kollman v. Hewitt Associates, LLC*, 487 F.3d 139, 150 (3d Cir. 2007). Accordingly, the Court finds that the state and common law claims in Counts I-IV are preempted by ERISA.

      B. <u>Whether ERISA Claims Comply With ERISA Requirements</u>

For ERISA claims, the Court must examine whether the facts alleged comply with the applicable ERISA requirements. Since the Court finds that Plaintiff failed to satisfy the exhaustion requirements, the Court does not need to reach the question of standing.[1]

The issue of exhaustion has two parts. *See Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 249 (3d Cir. 2002). First, the Court must determine whether Plaintiff exhausted his administrative remedies. If the Court finds that Plaintiff has *not* exhausted his remedies, the Court will determine whether such failure is excused.

If a participant claims unjust denial of benefits, the participant must exhaust the administrative appeals process before filing suit. *See Weldon v. Kraft*, 896 F.2d 793, 800 (3d Cir. 1990); *Zipf v. AT&T,* 799 F.2d 889, 891 (3d Cir. 1986). Here, Plaintiff was informed that the claim denial was an adverse determination under the Plan and that he must follow the administrative procedure. However, Plaintiff did not follow the administrative procedure.

While exhaustion is generally required, "[a] plaintiff is excused from exhausting administrative procedures under ERISA if it would be futile to do so." *Harrow*, 279 F.3d at 249. However, "[g]iven the policies underlying the exhaustion requirement, [. . .] courts have been reluctant to grant the exception without clear evidence of futility." *Id.* at 250. Thus, the plaintiff

---

[1] Defendants also contend that Plaintiff failed to join an indispensable party when it failed to include Lincroft. Plaintiff amended the Complaint to include Lincroft, making the issue moot.

4

must provide a "clear and positive showing" that exhaustion is futile." *Id.* *See also Fallick v. Nationwide Mut. Ins. Co.*, 162 F. 3d 410, 419 (6th Cir. 1998) (plaintiff must show that it is "certain his claim will be denied on appeal."). When evaluating a claim of futility, the Court must examine whether: 1) the plaintiff acted diligently in pursuing administrative relief; 2) plaintiff acted reasonably in seeking immediate judicial review; 3) a fixed policy denying benefits existed; 4) the plan administrator failed to comply with its own internal procedures; and 5) the plan administrator asserts that further administrative actions are futile. *Harrow*, 279 F.3d at 249.

Plaintiff does not allege futility in the Complaint; however, in replying to Defendants' motion, Plaintiff claims that "even if Plaintiff were to pursue any remedy under the plan, there is no possible way that Plaintiff would be afforded any fair and just relief." (Doc. No. 20, 11). The Court disagrees and finds that, viewing the facts in the light most favorable to the nonmoving party, Plaintiff failed to satisfy the *Harrow* test.

First, Plaintiff did not attempt to follow the administrative appeals process. Plaintiff only sent a letter inquiring into the Plan's applicability *before* the first notice of adverse determination. (Doc. No. 20, 16). Like in *Harrow*, where the court refused to apply the futility exception after plaintiff only made one telephonic inquiry, Plaintiff failed to diligently pursue his administrative remedies. *See Harrow*, 279 F.3d at 252. Second, while Plaintiff states that there is a *fixed* policy in the 1,000 hour requirement, Plaintiff does not provide evidence that there is a set or automatic policy of denying such claims. Similarly, Plaintiff provided no statement from a plan administrator indicating that an appeal would be futile. Instead, Plaintiff seemingly relies on the language of the Employment Agreement and the adverse decision which reference a 1,000 hour requirement. While Plaintiff has shown the existence of a policy or contract term upon

5

which the decision was made, he has failed to set forth evidence that the policy of denial was *fixed* such that the appeal would be automatically denied. Since the obligation to provide specific facts, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," the Court cannot simply accept a claim that the policy was fixed without specific evidence. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To hold otherwise would be to allow a finding of a "fixed" policy every time a denial was made based on a specific term or policy. While Plaintiff argues that Frattellone's position and interest in the outcome means "[t]here are no circumstances that Plaintiff or anyone else could conceive where" appeal would be granted, the Court cannot accept conclusory claims. (Doc. No. 14-15). Accordingly, the Court finds that Plaintiff did not satisfy *Harrow*.

Plaintiff also alleges that the failure to exhaust administrative remedies is excused due to the breach of fiduciary duty exception. The Court disagrees. The Third Circuit applies "the exhaustion requirement to ERISA benefit claims, but not to claims arising from violations of substantive statutory provisions." *Harrow*, 279 F. 3d at 252. While claims for breach of fiduciary duty are statutory claims, "[p]laintiffs cannot circumvent the exhaustion requirement by artfully pleading claims as breach of fiduciary duty claims." *Id*. at 253 (citations omitted). "[M]any employee claims for plan benefits may implicate statutory requirements imposed by ERISA . . . [b]ut that prospect does not give a claimant the license to attach a 'statutory violation' sticker to his or her claim and then to use that label as an asserted justification for a total failure to pursue the congressionally mandated internal appeal procedures." *Id.* (citing Diaz *v. United Agr. Emp. Welfare Ben. Plan and Trust*, 50 F.3d 1478, 1484 (9th Cir. 1995). "When the facts alleged do not present a breach of fiduciary duty claim that is independent of a claim for benefits, the exhaustion doctrine still applies." *Id*. at 253.

6

Plaintiff claims a breach of fiduciary duty because Defendants failed to enroll Plaintiff in the Plan and match his contributions. This case is analogous to *Harrow*, in which the court found that failure to furnish plaintiffs with proper coverage under a plan concerns a denial of benefits and not conduct amounting to a statutory breach of fiduciary conduct. *See Harrow*, 279 F. 3d at 252. Similarly, Plaintiff does not allege any injury under the ERISA-related claims independent of the denial of plan benefits. Thus, Plaintiff's claim for breach of fiduciary duty "constitutes a recasting of a claim for benefits." *See id*. at 255. Accordingly, summary judgment is granted in favor of Defendant with respect to all claims under ERISA.

3. Jurisdiction

The Court's jurisdiction arises from the ERISA claim, pursuant to 29 U.S.C. §1132(e)(1), which provides for original jurisdiction in the District Courts of the United States for claims pursuant to 29 U.S.C. § 1132(a)(1)(b). The Court had supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. Since the Court has granted summary judgment in favor of Defendant with respect to ERISA, the Court appears to no longer have jurisdiction over the remaining state law claims.[2]

CONCLUSION

For the foregoing reasons, the Court grants the motion for summary judgment and dismisses all claims.

*/s/ Anne E. Thompson*

ANNE E. THOMPSON, U.S.D.J.

Dated: 10/18/13

---

[2] However, the Court would be amenable to a motion to reopen the action to reinstate state claims if a Party demonstrates jurisdiction under 29 U.S.C. § 1332 within 30 days of the date of judgment.